IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x
:
BUCKEYE RETIREMENT CO., LLC, LTD     :     3:05 CV 769 (JGM)
:
v.                                                     :
:
ANTHONY BUFFA                                 :
:     DATE: MAY 5, 2006
------------------------------------------------------------x

## RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Buckeye Retirement Co., LLC, LTD. commenced this diversity action against defendant Anthony Buffa on May 13, 2005, in which plaintiff seeks payment of the outstanding balance of a promissory note executed by defendant on May 1, 2003 and assigned to plaintiff on April 14, 2005.  (Dkt. #1).  On June 20, 2005, defendant, then pro se, filed his Answer.  (Dkt. #4).

On December 15, 2005, the parties consented to trial before this Magistrate Judge. (Dkt. #20).  On March 27, 2006, plaintiff filed its pending Motion for Summary Judgment with brief, affidavits and Local Rule 56(a)1 Statement in support.[1]  (Dkt. #26).  Defendant filed its brief, affidavit and Local Rule 56(a)2 Statement[2] in opposition on April 11, 2006.[3]

---

[1] Attached to plaintiff's brief and Local Rule 56 Statement is an affidavit of Robert Shields, sworn to March 20, 2006 ["Shields Aff't"], a copy of the Promissory Note in the amount of $155,000.00, dated May 1, 2003 ["Note"], copy of Assignment of Note, dated April 14, 2005 ["Assignment"], and copy of Lost Note Affidavit, sworn to April 14, 2005 ["Lost Note Aff't"].

[2] Defendant's "Local Rule 56 Statement of Undisputed Facts" shall be construed as a Local Rule 56(a)2 Statement despite defendant's noncompliance with Local Rule of Civil Procedure 56(a)2 & 3, which provide that the Local Rule 56(a)2 Statement filed by party opposing the motion for summary judgment shall state

> in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied.  The Local Rule 56(a)2 Statement must also include a separate section entitled "Disputed Issues of Material Fact". . . .

(Dkt. #27).

For the reasons stated below, plaintiff's Motion for Summary Judgment (Dkt. #26) is <u>granted in part</u>.

## I. FACTUAL BACKGROUND

The following brief factual summary is drawn from plaintiff's Local Rule 56(a)1 Statement of Facts, filed March 27, 2006 (Dkt. #26) ["Plaintiff's Statement"] and defendant's Local Rule 56(a)2 Statement of Facts,[4] filed April 11, 2006 [Defendant's Statement"], and the accompanying affidavits. Such factual summary, therefore, does not represent factual findings of the Court.

Plaintiff is a foreign limited liability corporation having an office and place of business in Newton Falls, Ohio. (Plaintiff's Statement ¶ 1; Defendant's Statement ¶ 1; Shields Aff't ,¶ 2). Defendant is an individual residing in Weston, CT. (Plaintiff's Statement ¶ 2; Defendant's Statement ¶ 2; Shields Aff't ,¶ 3). On or about May 1, 2003, defendant signed a Promissory Note in the amount of $155,000.00 in favor of Fifth Third Bank (Chicago) ["Note"]. (Plaintiff's Statement ¶ 3; Defendant's Statement ¶ 3; Shields Aff't ,¶ 4;[5] Note). On or about April 14, 2005, Fifth Third Bank assigned to plaintiff all of its right, title and interest in and to said Note pursuant to an Assignment of Note ["Assignment"]. (Plaintiff's

---

Each statement of material fact . . . and each denial . . . must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. . . . Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including, . . . when the opponent fails to comply, an order granting the motion.

[3]Attached is the affidavit of Anthony Buffa, sworn to April 7, 2006 ["Defendant's Aff't"].

[4]<u>See</u> note 2 <u>supra</u>.

[5]In this paragraph, Shield's affidavit mistakenly refers to the bank as the "First Third Bank."

Statement ¶ 4; Defendant's Statement ¶ 4; Assignment).  The Assignment was effective as of December 21, 2004.  (Plaintiff's Statement ¶ 4; Shields Aff't ,¶ 5; Assignment).  The Note was due and payable in full on July 25, 2003.  (Plaintiff's Statement ¶ 5; Defendant's Statement ¶ 5; Note).

## II. DISCUSSION

The standard for summary judgment is well established.  The moving party is entitled to summary judgment if it demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  Upon motion, following adequate time for discovery, Rule 56(c) requires that summary judgment be entered against a party

> who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

This showing may be made by "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any."  FED. R. CIV. P. 56(c).  "On summary judgment the inferences to be drawn from the underlying facts contained in the [the moving party's] materials must be viewed in the light most favorable to the party opposing the motion."  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970), quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).  "If reasonable minds could differ as to the import of the evidence, . . . the moving party simply cannot obtain summary judgment."  R.B.

Ventures, Ltd. v. Shane, 112 F.3d 54, 59 (2d Cir. 1997)(citations & internal quotation marks omitted).  Thus, the party moving for summary judgment must "carry its burden of showing the absence of any genuine issue of fact."  Adickes, 398 U.S. at 153.

      Plaintiff's argument in support of its Motion for Summary Judgment is simply that plaintiff is the owner of the Note made by defendant to the Fifth Third Bank and by the terms of the Note, defendant was obligated, by July 25, 2003, to pay plaintiff $155,000 in principal at the rate of 9.250% (initial) interest , on which obligation defendant is in default, thus exposing defendant to additional post-default interest adjustable to 11% over the Index Rate.  (Dkt. #26, at 3).  According to plaintiff, in absence of any affirmative defenses interposed by defendant, plaintiff relies on its affidavit offered in support and on the plain text of the Note which "plainly demonstrates its ownership of the Note, Buffa's default and the balance due."  (Id.).

      Defendant responds that plaintiff, by its own admission, does not have physical possession of the original promissory note evidencing the alleged outstanding debt and the Lost Note Affidavit executed by an officer of the Fifth Third Bank does not acknowledge that there is a balance outstanding on the note, nor does it state the alleged balance. (Dkt. #27, at 3).  Accordingly, defendant disputes "the amount, if any, which plaintiff claims to be due and owing" on the alleged Note as defendant believes that "some or all of the alleged balance due on the promissory note . . . may have been paid back." (Id. at 3-4). Moreover, defendant observes that there are several inconsistencies relating to the amount due and the outstanding interest charges, the existence of which is grounds for denying summary judgment.  (Id. at 4-5).  Defendant also posits that his Answer, which was prepared when Buffa was a pro se defendant, raises several affirmative defenses, including whether the note

was paid in full or not and that the Note was created as a result of an obligation of Excalibur,[6] which was not defendant's personal debt. (Id.).[7]

Plaintiff's Account Officer Robert Shields avers that defendant has been in default on

---

[6] According to defendant, at the time the obligation was created, Buffa was acting as an investment manager for a large private diversified investment portfolio that included an entity known as Excalibur. Excalibur maintained an account with Fifth Third Bank, which account was overdrawn, creating a substantial negative balance that the officers of Fifth Third Bank sought to eliminate. Defendant believes that this large overdrawn bank balance was paid and eliminated by Fifth Third Bank, converting the negative balance in the bank account into a term loan evidenced by the Note and during the renewal process of this loan, the obligor on the Note was converted from Excalibur to defendant. Because defendant was not involved in the day-to-day management of Excalibur nor was he directly involved in the banking relationship with Fifth Third Bank, defendant believes that some or all of the alleged balance due on the Note may have been paid back. (Dkt. #27, at 4; see also Defendant's Aff't ¶¶ 2-8).

[7] The relevant portion of defendant's Answer reads as follows:

5.   Buffa admits that on or about May 1, 2003, he affixed his signature to a Promissory Note in favor of Fifth Third Bank in the approximate principal amount of $155,000.00. However, Buffa denies that he is liable for payment of that Promissory Note, for the reasons that:

(a) He executed said Note, with the knowledge of Fifth Third Bank, solely as agent for and on behalf of Excalibur Pallet Group, Ltd.[,] a Delaware Corporation ("Excalibur"), and Strome Endeavor Partners, L.P.[,] a Delaware limited partnership that controlled Excalibur, and

(b) that Buffa, with the knowledge of Fifth Third Bank, received no consideration for the Promissory Note, all of which was received by Excalibur prior to Buffa's execution of the Note.

(c) that therefore, all liability under this Promissory Note is the obligation of Excalibur and/or its successor company EccoDuro, Inc. and/or its controlling owner Strome Endeavor Partners, L.P.

(d) that all or a portion of the amounts due Fifth Third Bank under the Promissory Note may have been previously paid or compromised by Excalibur or others.

(See also Defendant's Aff't, ¶¶ 2-8).

The foregoing notwithstanding, it is undisputed that defendant executed the Note in his name without reference to Excalibur. (See Note). Defendant contends, however, that although the obligation was converted to one bearing his individual name, he "never received any money or value from this loan transaction." (Defendant's Aff't, ¶ 7).

5

the Note since the effective date of the Assignment, namely December 21, 2004, and post-default interest has been accruing on the Note since that date at the Fifth Third Bank prime rate plus 11%, totaling $52,786.48.  (Shield Aff't, ¶ 6).[8]  According to Shields, therefore, the total due is $211,536.48, which includes principal, pre-default interest and post-default interest, plus plaintiff's legal fees and costs of collection to be submitted by motion at the conclusion of this case.  (Id.).  In its Local Rule 56(a) Statement, plaintiff, however, avers that the remaining outstanding sum is $188,602.94 plus accrued interest and late charges.  (Plaintiff's Statement, ¶ 7).  Defendant contends that the difference in these numbers evidences plaintiff's "confus[ion] as to the balance . . . due and owing on the alleged promissory note."  (Dkt. #27, at 5).

While the basis for the calculation of plaintiff's sums is not evidently clear, the differences in totals may account for the addition, or lack thereof, of the 9.250% pre-default interest and the 5% late charge owed when the principal or interest was not paid within the ten days after it was due.  (See Note, at 2).  This inconsistency notwithstanding, defendant avers that he was the director of Excalibur, the entity he contends agreed to enter into a promissory note to eliminate the overdrawn balance on its account at Fifth Third Bank, when Excalibur's obligation was converted to an obligation bearing defendant's own name, and he avers that Excalibur "may have paid some of the promissory note off in the ordinary course of its business operations, which payments have not been reflected by [plaintiff]."  (Defendant Aff't , ¶¶ 5-9).  The Lost Note Affidavit, on which plaintiff asks this Court to rely, does not indicate whether there is a balance outstanding or the total balance due. (Lost Note

---

[8]In this paragraph, the Shields Affidavit again mistakenly refers to the bank as the "First Third Bank."  See note 5 supra.

6

Affidavit).  The issue, therefore, is not one of liability as there is no genuine issue of material fact as to the obligor on the Note at issue, but rather, a genuine issue of material fact exists as to the balance due and owing, if any.  Accordingly, plaintiff's Motion for Summary Judgment (Dkt. #26) is <u>granted in part</u> as to liability, and a hearing shall be held before this Magistrate Judge on the issue of damages.[9]

### III. CONCLUSION

For the reasons stated above, plaintiff's Motion for Summary Judgment (Dkt. #26) is <u>granted in part and denied in part to the extent set forth above</u>.[10]

Dated this 5th day of May, 2006, at New Haven, Connecticut.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge

---

[9] <u>See</u> note 10 <u>infra</u>.

[10] Counsel shall contact the Magistrate Judge's Chambers to schedule a telephonic status conference to address, <u>inter alia</u>, the date of such hearing, whether such hearing should be before the Court or a jury (in light of defendant's jury demand, <u>see</u> Answer), and the application of Illinois law (<u>see</u> Note, at 1).