IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x
:
BUCKEYE RETIREMENT CO., LLC, LTD : 3:05 CV 769 (JGM)
:
v. :
:
:
ANTHONY BUFFA :
: DATE: AUGUST 5, 2011
------------------------------------------------------------x

RULING ON PLAINTIFF'S MOTION FOR SUPPLEMENTAL POST-JUDGMENT DISCOVERY
ORDERS AND SUPPLEMENTAL RELIEF IN ORDER OF AID OF EXECUTION

Although familiarity with the factual and procedural background of this litigation is presumed, the following is relevant to plaintiff's pending motion. On December 15, 2005, the parties consented to trial before this Magistrate Judge. (Dkt. #20). On May 5, 2006, this Magistrate Judge filed her Ruling on Plaintiff's Motion for Summary Judgment, granting in part plaintiff's motion to the extent that defendant is liable to plaintiff for a promissory note ["Note"] made by defendant to the Fifth Third Bank, which Note was assigned to plaintiff on April 14, 2005; a hearing was to be held as to the issue of damages. (Dkt. #28, at 2, 5-7; see Dkt. #32). Eight days before the scheduled hearing date, the parties filed a Joint Stipulation of Judgment in the amount of $180,000, so ordered by this Magistrate Judge on July 20, 2006. (Dkts. ##33-35).[1]

On August 2, 2006, plaintiff filed an application for a writ of execution for the total unpaid judgment, which was issued two days later. (Dkt. #36). On November 15, 2006, plaintiff filed its first Motion for Judgment Debtor Examination and Post-Judgment Discovery (Dkt. #37), which this Magistrate Judge granted, by agreement of counsel (Dkts. ##38-39).

---

[1]The Judgment was not entered by the Clerk's Office until May 18, 2007. (Dkt. #45).

On March 14, 2007, plaintiff filed a Motion for Charging Order against defendant's limited liability company, Endeavor Capital Management, LLC ["Endeavor, LLC"] for the collection of the unpaid judgment, plus interest (Dkt. #40); on April 11, 2007, this Magistrate Judge granted plaintiff's motion, absent objection. (Dkt. #41). Two weeks later, on April 25, 2007, plaintiff filed its Motion for Supplemental Post-Judgment Discovery Order. (Dkt. #42). On June 14, 2007, this Magistrate Judge filed a Ruling on Plaintiff's Motion for Supplemental Post-Judgment Discovery Order (Dkt. #48)["June 2007 Ruling"] which denied plaintiff's motion without prejudice to renewal:

> The evidence presented to the Court does not support a "reasonabl[e] belie[f]" that Nancy Haar has assets of her husband, the judgment debtor, thus preventing plaintiff from collecting on the unpaid judgment. Nonetheless, the Court is of the opinion that plaintiff is entitled to continue to pursue limited discovery of the assets of the judgment debtor, if any, and to engage in further discovery from defendant that would support its allegation that defendant engaged in a "probable fraudulent transfer."

(At 4).

More than one year later, on September 10, 2008, plaintiff filed its Motion to Compel Compliance with Charging Order and Motion for Post Judgment Discovery Order (Dkts. ##49-50), regarding Endeavor, LLC and Emigrant Mortgage Co, Inc.; both motions were granted, absent objection, on October 7, 2008. (Dkts. ##51-52). Shortly thereafter, on November 17, 2008, plaintiff filed its Application for Wage Execution (Dkt. #53), which was granted in an amount not to exceed $8.07/week prior to December 31, 2008 and not to exceed $4.57/week starting on January 1, 2009. (Dkt. #58; see also Dkts. ##54-57).

On January 6, 2009, plaintiff next filed its Motion for Order Re Post-Judgment Discovery, filed January 6, 2009 (Dkt. #59), which sought post-judgment discovery under CONN. GEN. STAT. § 52-351b, namely production of defendant's tax returns, both state and

federal, along with documents supporting those returns and the tax returns of Endeavor, LLC. Defendant opposed this motion, on the grounds that neither Endeavor, LLC nor defendant's wife, Nancy Haar, were a judgment debtor, so that their tax returns and other financial information were not object to discovery by plaintiff under Conn. Gen. Stat. § 52-351b, and that circumstances had not changed since the June 2007 Ruling. (Dkt. #60, at 1-3). Based upon "the simple language" of Conn. Gen. Stat. § 52-351b(a) that "[a] judgment creditor may obtain discovery from the judgment debtor, <u>or from any third person the judgment creditor reasonably believes, in good faith, may have assets of the judgment debtor</u> . . . ." (emphasis added), and given that "[n]ot a dime of [the] judgment has been paid by [defendant]," despite the multiple post-judgment motions filed by plaintiff, this Magistrate Judge held in her Ruling on Plaintiff's Motion for Order Re: Post Judgment Discovery, filed January 27, 2009 (Dkt. #62)["January 2009 Ruling"] that it was "appropriate for defendant, his wife, and Endeavor, LLC to submit the requested documents to this Magistrate Judge for her <u>in camera</u> review, to determine if indeed Ms. Haar and/or Endeavor, LLC are third persons who may have assets of the judgment debtor."

In accordance with the January 2009 Ruling, on February 29, 2009, defendant submitted the multiple financial records for the years 2006 and 2007[2] to this Magistrate

---

[2] The documents included: (1) the 2006 U.S. Individual Income Tax Return, Form 1040, filed jointly by defendant and Haar, together with all supporting schedules; (2) the 2007 U.S. Individual Income Tax Return, Form 1040, filed jointly by defendant and Haar, together with all supporting schedules; (3) the 2006 U.S. Return of Partnership Income, Form 1065, for Endeavor, LLC, together with all supporting schedules; (4) the 2007 U.S. Return of Partnership Income, Form 1065, for Endeavor, LLC, together with all supporting schedules; (5) the 2006 Joint Connecticut Resident Income Tax Return, Form CT-1040, filed by defendant and Haar; (6) the 2007 Joint Connecticut Resident Income Tax Return, Form CT-1040, filed by defendant and Haar; (7) the 2006 Connecticut Composite Income Tax Return, Form CT-1065/CT-1120SI, for Endeavor, LLC; and (8) the 2007 Connecticut Composite Income Tax Return, Form CT-1065/CT-1120SI, for Endeavor, LLC.

3

Judge for her in camera review, after which this Magistrate Judge held in her Ruling Following In Camera Review, filed March 3, 2009 (Dkt. #64)["First March 2009 Ruling"] that "none of the items contain any information that would 'support [plaintiff's] allegation that defendant engaged in a probable fraudulent transfer.'" (At 4)(quotations & alterations omitted).³ The First March 2009 Ruling continued:

> However, in Endeavor, LLC's 2006 Form 1065 and 2007 Form 1065, there are significant travel expenses, especially in comparison to the total expenses and gross receipts. In light of the deduction for "Haar Buffa Vacation Expense," there is enough of a red flag to require supplemental documentation justifying such large sums as genuine business travel, as opposed to personal travel.

(Id.).⁴ The First March 2009 Ruling required the submission of documentation for all travel in excess of $500 to this Magistrate Judge's Chambers for additional in camera review. (Id.). Twenty days later, this Magistrate Judge filed the Ruling Following Second In Camera Review (Dkt. #65)(["Second March 2009 Ruling"], which agreed that Endeavor, LLC had "amply justified [the travel expenses] as legitimate business travel, as opposed to personal travel [so that] no further disclosure to plaintiff [was] necessary." (At 3).

There was no further activity on the docket sheet for more than two years until June 6, 2011, when plaintiff filed the pending Motion for Supplemental Post-Judgment Discovery Orders and Supplemental Relief in Order of Aid of Execution (Dkt. #67).⁵ On July 15, 2011,

---

³The First March 2009 Ruling found that "[t]here [was] one suspicious item, an entry on Endeavor, LLC's 2007 Form 1065, showing a deduction for 'Haar Buffa Vacation Expense,' but the amount [was] de minimis relative to the amount of the judgment here[,]" so that no disclosure of these documents was required. (Id.).

⁴See note 3 supra.

⁵The following items were attached: excerpt from the deposition of Anthony Buffa, taken on May 12, 2011 (Exh. A)["Buffa Depo."]; and copy of case law (Exhs. B-E).

4

defendant filed his brief in opposition.  (Dkt. #71[6]; see also Dkts. ##69-70).  Ten days later, plaintiff filed its reply brief.  (Dkt. #72).[7]

For the reasons stated below, plaintiff's Motion for Supplemental Post-Judgment Discovery Orders and Supplemental Relief in Order of Aid of Execution (Dkt. #67) is <u>granted in part</u>.

## I.  DISCUSSION

The parties agree that defendant Buffa is a private equity investor employed on a full-time basis by Endeavor, LLC; defendant Buffa has a ninety-nine percent ownership in Endeavor, LLC while his wife, Nancy Haar owns the remaining one percent interest; Haar works on less than a full time basis for Endeavor, LLC, which is the only source of income for the couple.  (Dkt. #67, at 2; Dkt. #71, at 1).   On May 12, 2011, plaintiff conducted a second deposition of defendant Buffa, at which defendant Buffa testified that he works more than fifty hours per week for Endeavor, LLC, including travel, consisting of ten to twelve hours per day, five days a week, plus four to six hours during the weekend, which adds up to fifty-four to sixty-six hours per week, for which he receives an annual salary of $20,000; he further testified that he has not received any income from Endeavor, LLC for the last five to six months.  (Dkt. #67, at 4 & Exh. A; Dkt. #72,  Exh. A).

Defendant Buffa also testified that Haar works for Endeavor, LLC six to eight hours per day, only three to four days a week, which adds up to eighteen to thirty-two hours per week, a reduced work load because her "focus" is on raising the couple's children.  (Dkt.

---

[6]Five exhibits were attached: copies of U.S. Return of Partnership Income, Form 1065, for Endeavor Capital Management LLC, for the tax years 2008, 2009 and 2010 (Exhs. A-C); affidavit of Thomas Buffa, sworn to July 15, 2011 (Exh. D)["Thomas Buffa Aff't"]; and affidavit of Nancy E. Haar, also sworn to July 15, 2011 (Exh. E)["Haar Aff't"].

[7]Attached as Exh. A were additional excerpts from the Buffa Deposition.

#67, at 4). Defendant Buffa further testified that Haar had received an annual salary of $120,000 from Endeavor, LCC but for the last several years, had been paid between $75,000 to $100,000 per year. (Dkt. #67, at 4 & Exh. A; Dkt. #72, at 1). When defendant Buffa was asked the reason for this obvious disparity in workload and commensurate pay, defendant Buffa responded that he did not know the rationale behind this, despite being the majority owner by a ratio of ninety-nine to one, and despite being the company's managing member; he testified that it was Haar's decision about how she would be paid. (Dkt. #67, at 4-5 & Exh. A; Dkt. #72, at 1-2).

The following colloquy occurred regarding this allocation:

> Q: Okay. Is the decision to pay . . . Haar $120,000 and you $19,000 arbitrary?
>
> A: What do you mean by "arbitrary?"
>
> Q: Is there a rationale for it?
>
> A: I don't know.
>
> Q: Sir, somebody has to decide that . . . Haar is going to be paid $120,000; right?
>
> A. It is my wife's decision because she controls all the financial books and checking accounts and records of the firm. I want to remain married. And I want to see my daughter get out of high school. And to remain married, I've made compromises to do what I need to do to keep a stable home life and have my daughter get through high school and not get evicted from my house or evicted from my marriage. So, I've, you know, if that's what you deem to be arbitrary, then it is arbitrary. It is her decision.
>
> Q. Okay. So, if I'm understanding you, sir, the decision to pay . . . Haar $120,000 and you $19,000 is because you have a lot of creditors.
>
> A. No, it's the decision of my wife to pay herself when she's paid and pay me what I'm paid because she wants to make sure she can cover the expenses of the family.
>
> Q. But why wouldn't she be able to cover the expenses of the family

>       if she paid you $120,000?
>
>       A:  Because I would not be able to keep up with that.
>
>       Q:  Because you have creditors?
>
>       A:  I have many creditors.
>
>       Q:  Including Buckeye?
>
>       A:  Correct.

(Dkt. #67, at 5-6).

Thus, plaintiff concludes that "it is evident that the decision to allocate income to Haar . . . was out of a fear that Buffa's income would be subject to execution by his creditors[,]" and "it is unusual (to say the least)" that as a one percent owner of Endeavor, LLC, Haas has "total and complete control over the accounts of Endeavor, LLC and over how income is paid out to the employees and members." (Id. at 6). Plaintiff argues that the allocation arrangement between defendant and Haar is referred to as a "diversion of the fruits of one's labor" arrangement, which has been "repeatedly rejected" by the federal courts, bankruptcy courts, and state courts in Connecticut. (Id. at 7-8 & Exhs. B-D). In light of Haar's background, including her representation that she has an MBA and is "familiar with investment banking[,]" plaintiff concedes that it is "not in a position (yet) to dispute Haar's claim of qualification or expertise nor the validity" of the allocation arrangement, but is nonetheless entitled to conduct discovery regarding Haar's contribution to Endeavor, LLC to determine if the allocation arrangement can be "substantiated[]" or if it constitutes a fraudulent transfer. (Id. at 8-9). Therefore, plaintiff seeks supplemental discovery from both Haar and Endeavor, LLC, namely to question Haar individually and to question Endeavor, LLC through a designated representative regarding this allocation and Haar's expenditures,

pursuant to Conn. Gen. Stat. §§ 52-351b(c), 52-356b(a)(1)-(2). (Id. at 9-10).[8]

In his brief in opposition, defendant asserts that he "currently lacks the financial capacity to pay anything towards the outstanding judgment balance[,]" and that he has numerous other creditors, including the IRS, to whom he owes "substantial amounts of money." (Dkt. #71, at 2). He also represents that Haar also works in the private equity investment industry and "has both a formal education and decades of experience in this line of work." (Id. & Haar Aff't). Defendant further contends that he "misunderstood the questions being asked, mis[-]spoke or was [misled] by the questions asked" at the second deposition, at which he appeared without counsel, and that his testimony is in conflict with his U.S. individual tax returns, Form 1040, for the years 2007 through 2010, which show wages from Endeavor, LLC for $5,600 in 2007, $19,200 in 2008, $19,200 for 2009, and $15,200 for 2010, with Haar receiving no wages "whatsoever" for the years 2007-09, while the Schedule K-1 Forms for Endeavor, LLC properly allocate ninety-nine percent profits and losses to defendant and one percent to Haar for the years 2007-09. (Id. at 3-5 & Exhs. A-C).[9] Therefore, defense counsel maintains that he is "at a loss as to why plaintiff's counsel would not have recognized that Buffa was mis[-]speaking, misunderstood the question or

---

[8]Plaintiff also reserves the opportunity to seek an order holding defendant, Haar and/or Endeavor, LLC in contempt of court, "depending upon the information and testimony provided. . . ."
(Id. at 10).

[9]These tax returns were prepared by defendant's brother, Thomas Buffa, a tax attorney with offices located in Chicago; he avers that "[t]o the best of [his] knowledge, all tax return filings are true and correct based upon bookkeeping and bank records maintained by Endeavor." (Thomas Buffa Aff't, ¶¶ 2-7). He also "cannot explain" his brother's testimony. (Id. ¶ 8).

In its reply brief, plaintiff argues that this affidavit constitutes inadmissible hearsay, and because Attorney Buffa is beyond the court's subpoena power, so that he is not subject to cross-examination by plaintiff. (Dkt. #72, at 4).

was simply confused or misinformed[,]" that based on the tax returns for 2007-10 "there is absolutely no evidence to support . . . plaintiff's claims that Buffa is diverting the fruit of his labor to . . . Haar[,]" and that "[o]ther than Buffa's obviously confused and flawed testimony, nothing in . . . plaintiff's discovery revealed probable or alleged fraudulent transfers as between Buffa and his wife. . . ." (Id. at 5-6).

In its reply brief, plaintiff characterizes defendant as "trying to 'walk away' from his clear testimony, under oath," which testimony was "clear[] and unequivocal[,]" and that the claim that defendant misunderstood the questions is "patently absurd" in light of defendant's thirty-one years of expertise as a financial adviser, which claim is "nothing more than a fabrication to cover his tracks." (Dkt. #72, at 1-3 & Exh. A). Plaintiff additionally argues that because of the "discrepancy between the tax returns and the honest testimony of Buffa," further examination is necessary "to determine who is telling the truth and to explain these discrepancies." (Id. at 4).

Plaintiff's counsel is correct that defendant's testimony was indeed "clear[] and unequivocal[,]" did not reflect any confusion or misunderstanding regarding six separate questions posed to him (particularly given defendant's line of work and experience), and is clearly at variance with the IRS filings made by defendant, Haar and Endeavor, LLC. For that reason alone, plaintiff is entitled to limited, supplemental post-judgment discovery, so that it can uncover whether there was a "diversion of the fruit of one's labor" arrangement, as reflected by defendant's testimony. Therefore, <u>at the present time, and without prejudice to plaintiff seeking additional post-judgment discovery and other remedies in the future</u>, it is hereby ORDERED that Endeavor, LLC shall (a) appear (at a mutually agreeable time **on or before October 31, 2011**), through a properly designated representative (who may be

Nancy Haar) to testify at a deposition in this matter concerning the allocation of salary and/or distributions from Endeavor, LLC by and between Anthony Buffa and Nancy Haar; and (b) shall produce, **at least twenty-one days before the deposition**, any and all documents in its possession concerning the allocation of salary and/or distributions from Endeavor by and between Anthony Buffa and Nancy Haar.[10]

Dated this 5th day of August, 2011, at New Haven, Connecticut.

      /s/ Joan G. Margolis, USMJ
      Joan Glazer Margolis
      United States Magistrate Judge

---

[10] In light of the significant ramifications of the testimony at this deposition, it goes without saying that it would be **highly prudent** for defendant to be represented by counsel at this deposition.