IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------x
:
BUCKEYE RETIREMENT CO., LLC, LTD  :   3:05 CV 769 (JGM)
:
v.  :
:
:
ANTHONY BUFFA  :
:   DATE: DECEMBER 16, 2011
-----------------------------------------------------------x

RULING ON PLAINTIFF'S MOTION FOR: (A) SUPPLEMENTAL POST-JUDGMENT
DISCOVERY ORDERS, (B) SUPPLEMENTAL RELIEF IN ORDER OF AID OF EXECUTION,
AND (C) FINDING OF CONTEMPT AGAINST MULTIPLE PARTIES, AND ON DEFENDANT'S
CROSS-MOTION TO MODIFY DISCOVERY ORDERS, TERMINATE POST JUDGMENT
DISCOVERY AND FOR PROTECTIVE ORDER

Although familiarity with the factual and procedural background of this litigation is presumed, the following is relevant to plaintiff's pending motion. On December 15, 2005, the parties consented to trial before this Magistrate Judge. (Dkt. #20). On May 5, 2006, this Magistrate Judge filed her Ruling on Plaintiff's Motion for Summary Judgment, granting in part plaintiff's motion to the extent that defendant is liable to plaintiff for a promissory note ["Note"] made by defendant to the Fifth Third Bank, which Note was assigned to plaintiff on April 14, 2005; a hearing was to be held as to the issue of damages. (Dkt. #28, at 2, 5-7; see Dkt. #32). Eight days before the scheduled hearing date, the parties filed a Joint Stipulation of Judgment in the amount of $180,000, so ordered by this Magistrate Judge on July 20, 2006. (Dkts. ##33-35).[1] Thus ended the simple and uncontested portion of this litigation.

On August 2, 2006, plaintiff filed an application for a writ of execution for the total unpaid judgment, which was issued two days later. (Dkt. #36). On November 15, 2006,

---

[1]The Judgment was not entered by the Clerk's Office until May 18, 2007. (Dkt. #45).

plaintiff filed its first Motion for Judgment Debtor Examination and Post-Judgment Discovery (Dkt. #37), which this Magistrate Judge granted, by agreement of counsel. (Dkts. ##38-39). On March 14, 2007, plaintiff filed a Motion for Charging Order against defendant's limited liability company, Endeavor Capital Management, LLC ["Endeavor, LLC"] for the collection of the unpaid judgment, plus interest (Dkt. #40); on April 11, 2007, this Magistrate Judge granted plaintiff's motion, absent objection. (Dkt. #41). Two weeks later, on April 25, 2007, plaintiff filed its Motion for Supplemental Post-Judgment Discovery Order. (Dkt. #42). On June 14, 2007, this Magistrate Judge filed a Ruling on Plaintiff's Motion for Supplemental Post-Judgment Discovery Order (Dkt. #48)["June 2007 Ruling"] which denied plaintiff's motion without prejudice to renewal:

> The evidence presented to the Court does not support a "reasonabl[e] belie[f]" that Nancy Haar has assets of her husband, the judgment debtor, thus preventing plaintiff from collecting on the unpaid judgment. Nonetheless, the Court is of the opinion that plaintiff is entitled to continue to pursue limited discovery of the assets of the judgment debtor, if any, and to engage in further discovery from defendant that would support its allegation that defendant engaged in a "probable fraudulent transfer."

(At 4).

More than one year later, on September 10, 2008, plaintiff filed its Motion to Compel Compliance with Charging Order and Motion for Post Judgment Discovery Order (Dkts. ##49-50), regarding Endeavor, LLC and Emigrant Mortgage Co, Inc.; both motions were granted, absent objection, on October 7, 2008. (Dkts. ##51-52). Shortly thereafter, on November 17, 2008, plaintiff filed its Application for Wage Execution (Dkt. #53), which was granted in an amount not to exceed $8.07/week prior to December 31, 2008 and not to exceed $4.57/week starting on January 1, 2009. (Dkt. #58; see also Dkts. ##54-57).

On January 6, 2009, plaintiff next filed its Motion for Order Re: Post-Judgment

Discovery (Dkt. #59), which sought post-judgment discovery under CONN. GEN. STAT. § 52-351b, namely production of defendant's tax returns, both state and federal, along with documents supporting those returns and the tax returns of Endeavor, LLC.  Defendant opposed this motion, on the grounds that neither Endeavor, LLC nor defendant's wife, Nancy Haar, were a judgment debtor, so that their tax returns and other financial information were not subject to discovery by plaintiff under CONN. GEN. STAT. § 52-351b, and that circumstances had not changed since the June 2007 Ruling.  (Dkt. #60, at 1-3).  Based upon "the simple language" of CONN. GEN. STAT. § 52-351b(a)  that "[a] judgment creditor may obtain discovery from the judgment debtor, <u>or from any third person the judgment creditor reasonably believes, in good faith, may have assets of the judgment debtor</u> . . . " (emphasis added), and given that "[n]ot a dime of [the] judgment has been paid by [defendant]," despite the multiple post-judgment motions filed by plaintiff, this Magistrate Judge held in her Ruling on Plaintiff's Motion for Order Re: Post-Judgment Discovery, filed January 27, 2009 (Dkt. #62)["January 2009 Ruling"] that it was "appropriate for defendant, his wife, and Endeavor, LLC to submit the requested documents to this Magistrate Judge for her <u>in camera</u> review, to determine if indeed Ms. Haar and/or Endeavor, LLC are third persons who may have assets of the judgment debtor."

In accordance with the January 2009 Ruling, on February 29, 2009, defendant submitted the multiple financial records for the years 2006 and 2007[2] to this Magistrate

---

[2]The documents included: (1) the 2006 U.S. Individual Income Tax Return, Form 1040, filed jointly by defendant and Haar, together with all supporting schedules; (2) the 2007 U.S. Individual Income Tax Return, Form 1040, filed jointly by defendant and Haar, together with all supporting schedules; (3) the 2006 U.S. Return of Partnership Income, Form 1065, for Endeavor, LLC, together with all supporting schedules; (4) the 2007 U.S. Return of Partnership Income, Form 1065, for Endeavor, LLC, together with all supporting schedules; (5) the 2006 Joint Connecticut Resident Income Tax Return, Form CT-1040, filed by defendant and Haar; (6) the 2007 Joint Connecticut Resident Income Tax Return, Form CT-1040, filed by defendant and Haar; (7) the

3

Judge for her in camera review, after which this Magistrate Judge held in her Ruling Following In Camera Review, filed March 3, 2009 (Dkt. #64)["First March 2009 Ruling"] that "none of the items contain any information that would support [plaintiff's] allegation that defendant engaged in a probable fraudulent transfer." (At 4)(internal citations omitted).[3] The First March 2009 Ruling continued:

> However, in Endeavor, LLC's 2006 Form 1065 and 2007 Form 1065, there are significant travel expenses, especially in comparison to the total expenses and gross receipts. In light of the deduction for "Haar Buffa Vacation Expense," there is enough of a red flag to require supplemental documentation justifying such large sums as genuine business travel, as opposed to personal travel.

(Id.).[4] The First March 2009 Ruling required the submission of documentation for all travel in excess of $500 to this Magistrate Judge's Chambers for additional in camera review. (Id.). Twenty days later, this Magistrate Judge filed the Ruling Following Second In Camera Review (Dkt. #65), which agreed that Endeavor, LLC had "amply justified [the travel expenses] as legitimate business travel, as opposed to personal travel [so that] no further disclosure to plaintiff [was] necessary." (At 3).

There was no further activity on the docket sheet for more than two years until June 6, 2011, when plaintiff filed its Motion for Supplemental Post-Judgment Discovery Orders and Supplemental Relief in Order of Aid of Execution (Dkt. #67). On August 5, 2011, this

---

2006 Connecticut Composite Income Tax Return, Form CT-1065/CT-1120SI, for Endeavor, LLC; and (8) the 2007 Connecticut Composite Income Tax Return, Form CT-1065/CT-1120SI, for Endeavor, LLC.

[3]The First March 2009 Ruling found that "[t]here [was] one suspicious item, an entry on Endeavor, LLC's 2007 Form 1065, showing a deduction for 'Haar Buffa Vacation Expense,' but the amount [was] de minimis relative to the amount of the judgment here[,]" so that no disclosure of these documents was required. (Id.).

[4]See note 3 supra.

4

Magistrate Judge filed her Ruling on Plaintiff's Motion for Supplemental Post-Judgment Discovery Orders and Supplemental Relief in Order of Aid of Execution (Dkt. #73)["August 2011 Ruling"], which granted plaintiff's motion in part.  The August 2011 Ruling recounted that the parties agreed that defendant Buffa is a private equity investor employed on a full-time basis by Endeavor, LLC; defendant Buffa has a ninety-nine percent ownership in Endeavor, LLC while his wife, Nancy Haar owns the remaining one percent interest; Haar works on less than a full time basis for Endeavor, LLC, which is the only source of income for the couple.  (Id. at 5)(internal citations omitted).  At the second deposition of defendant Buffa, taken on May 12, 2011, at which he appeared without counsel, defendant Buffa testified that he works more than fifty hours per week for Endeavor, LLC, including travel, consisting of ten to twelve hours per day, five days a week, plus four to six hours during the weekend, which adds up to fifty-four to sixty-six hours per week, for which he receives an annual salary of $20,000; he further testified that he has not received any income from Endeavor, LLC for the last five to six months.  (Id.)(internal citations omitted).  Defendant Buffa also testified that Haar works for Endeavor, LLC six to eight hours per day, only three to four days a week, which adds up to eighteen to thirty-two hours per week, a reduced work load because her "focus" is on raising the couple's children.  (Id. at 5-6)(internal citations omitted).  Defendant Buffa further testified that Haar had received an annual salary of $120,000 from Endeavor, LCC but for the last several years, had been paid between $75,000 to $100,000 per year.  (Id. at 6)(internal citations omitted).  When defendant Buffa was asked the reason for this obvious disparity in workload and commensurate pay, defendant Buffa responded that he did not know the rationale behind this, despite being the majority owner by a ratio of ninety-nine to one, and despite being the company's managing

5

member; he testified that it was Haar's decision about how she would be paid. (<u>Id.</u> at 6)(internal citations omitted).

The following colloquy occurred regarding this allocation:

> Q: Okay.  Is the decision to pay . . . Haar $120,000 and you $19,000 arbitrary?
>
> A: What do you mean by "arbitrary?"
>
> Q: Is there a rationale for it?
>
> A: I don't know.
>
> Q: Sir, somebody has to decide that . . . Haar is going to be paid $120,000; right?
>
> A. It is my wife's decision because she controls all the financial books and checking accounts and records of the firm.  I want to remain married.  And I want to see my daughter get out of high school.  And to remain married, I've made compromises to do what I need to do to keep a stable home life and have my daughter get through high school and not get evicted from my house or evicted from my marriage.  So, I've, you know, if that's what you deem to be arbitrary, then it is arbitrary.  It is her decision.
>
> Q.  Okay.  So, if I'm understanding you, sir, the decision to pay . . . Haar $120,000 and you $19,000 is because you have a lot of creditors.
>
> A.  No, it's the decision of my wife to pay herself when she's paid and pay me what I'm paid because she wants to make sure she can cover the expenses of the family.
>
> Q.  But why wouldn't she be able to cover the expenses of the family if she paid you $120,000?
>
> A:  Because I would not be able to keep up with that.
>
> Q:  Because you have creditors?
>
> A:  I have many creditors.
>
> Q:  Including Buckeye?
>
> A:  Correct.

(Id. at 6-7)(internal citations omitted).

Despite defendant Buffa's argument that he mis-spoke or misunderstood the questions asked at the second deposition without the benefit of counsel, and that his testimony is in conflict with his U.S. individual tax returns, Form 1040, for the years 2007 through 2010, which show wages from Endeavor, LLC for $5,600 in 2007, $19,200 in 2008, $19,200 for 2009, and $15,200 for 2010, with Haar receiving no wages "whatsoever" for the years 2007-09, while the Schedule K-1 Forms for Endeavor, LLC properly allocate ninety-nine percent profits and losses to defendant and one percent to Haar for the years 2007-09 (id. at 8-9), the August 2011 Ruling held as follows:

> Plaintiff's counsel is correct that defendant's testimony was indeed "clear[] and unequivocal[,]" did not reflect any confusion or misunderstanding regarding six separate questions posed to him (particularly given defendant's line of work and experience), and is clearly at variance with the IRS filings made by defendant, Haar and Endeavor, LLC.  For that reason alone, plaintiff is entitled to limited, supplemental post-judgment discovery, so that it can uncover whether there was a "diversion of the fruit of one's labor" arrangement, as reflected by defendant's testimony.  Therefore, <u>at the present time, and without prejudice to plaintiff seeking additional post-judgment discovery and other remedies in the future</u>, it is hereby ORDERED that Endeavor, LLC shall (a) appear (at a mutually agreeable time **on or before October 31, 2011**), through a properly designated representative (who may be Nancy Haar) to testify at a deposition in this matter concerning the allocation of salary and/or distributions from Endeavor, LLC by and between Anthony Buffa and Nancy Haar; and (b) shall produce, **at least twenty-one days before the deposition**, any and all documents in its possession concerning the allocation of salary and/or distributions from Endeavor by and between Anthony Buffa and Nancy Haar.

(Id. at 9-10)(emphasis in original)(internal citations & footnote omitted).

On September 7, 2011, plaintiff filed its Motion for Supplemental Post-Judgment Discovery Orders and Supplemental Relief in Order of Aid of Execution (Dkt. #74), which was

7

granted on October 5, 2011, defendant having filed no objection. (Dkts. ##75-76).[5] That motion sought, inter alia, an order directing defendant Buffa and/or Endeavor, LLC to provide information regarding the document production and deposition ordered in the August 2011 Ruling, an order directing defendant Buffa to appear at a continued examination of judgment debtor ["EJD"] to answer questions that he previously refused to answer, an order requiring defendant Buffa to produce documents in advance of the continued EJD that he failed, refused and/or neglected to produce previously, and attorney's fees, in that informal discussions between counsel on August 9, 2011, followed by a reminder letter on August 22, 2011, were not productive. (Dkt. #74, at 2-7 & Exhs. A-B). On October 24, 2011, defendant Buffa filed a Motion to Enlarge Time to Conduct Deposition Pursuant to Court Order (Dkt. #77), as to which plaintiff did not object; as a result, the motion was granted the next day (Dkt. #78), extending the deadline from October 31, 2011 until December 15, 2011.

On October 26, 2011, plaintiff filed the pending Motion for: (A) Supplemental Post-Judgment Discovery Orders, (B) Supplemental Relief in Order of Aid of Execution, and (c) a Finding of Contempt Against Multiple Parties (Dkt. #79).[6] On November 15, 2011, defendant Buffa filed his brief in opposition and cross-Motion to Modify Discovery Orders, Terminate Post Judgment Discovery and for Protective Order (Dkts. ##81-82).[7] Eight days later, on

---

[5]The Order, filed October 5, 2011 (Dkt. #76)["October 2011 Order"] was quite specific, including listing twelve categories of documents to be produced thirty days prior to the deposition.

[6]The following eleven exhibits are attached: copies of correspondence between counsel, dated August 9 & 22, October 11 & 18, and May 13, 2011 (Exhs. A-C, J-K); excerpts from deposition of defendant Buffa, taken on May 12, 2011 (Exh. D); and copies of 2006, 2007, 2008, 2009 and 2010 U.S. Return of Partnership Income for Endeavor, LLC (Exhs. E-I).

[7]The following six exhibits are attached: copy of letter from the Cadle Company to the Ohio Secretary of State regarding plaintiff, dated June 23, 1998 (Exh. A); copy of Cadle Co. v. Mass. Div. Banks, CV#2004-0101C (Mass. Super. Ct. Nov. 17, 2006)(Exh. B); copy of Endeavor, LLC and defendant Buffa's Liability Schedule as of September 30, 2011 (Exh. C); copy of entire deposition

November 23, 2011, plaintiff filed a brief in reply to its own motion and in opposition to defendant Buffa's motion. (Dkt. #83).[8] Thirteen days later, on December 6, 2011, defendant Buffa filed a "Surreply Brief" (Dkt. #84), as to which plaintiff filed its Response the next day. (Dkt. #85).

For the reasons stated below, plaintiff's Motion for: (A) Supplemental Post-Judgment Discovery Orders, (B) Supplemental Relief in Order of Aid of Execution, and (c) a Finding of Contempt Against Multiple Parties (Dkt. #79) is granted in part, and defendant Buffa's Cross-Motion to Modify Discovery Orders, Terminate Post Judgment Discovery and for Protective Order (Dkt. #82) is granted in part.

## I.  DISCUSSION

Six days after the October 2011 Order was filed, defense counsel sent a letter to plaintiff's counsel, in which defendant Buffa designated himself as the representative of Endeavor, LLC to testify as to allocation; plaintiff objected on the basis that defendant Buffa already had testified that allocation was decided by Haar "because she controls all the financial books and checking accounts and records" of Endeavor, LLC., and similarly objected to defendant's offer of a bookkeeper, arguing that "it is evident that . . . Haar – and only . . . Haar – is the person who should testify." (Dkt. #79, at 5-6 & Exhs. C-D). In addition, defendant Buffa had offered to produce only the corporate tax returns of Endeavor, LLC and the personal tax returns of Buffa and Haar, which he contended showed there was no allocation; plaintiff objects on the same that the tax returns "simply do not allay [plaintiff's]

---

transcript of defendant Buffa, taken on May 12, 2011 (Exh. D); copies of 1996, 1999, 2001, 2002, 2004, and 2005 IRS Account Transcript (Exh. E); and another copy of correspondence between counsel, dated October 11, 2011 (Exh. F).

[8]Attached were copies of the Debt Collector license to the Cadle Company, issued by the Commonwealth of Massachusetts Division of Banks and Loan Agencies (Exh. A).

concerns[,]" and the tax returns "create more questions than they answer because they reveal ways in which the [a]llocation may be disguised through improper expenses and/or other ways." (Dkt. #79, at 6-7 & Exhs. E-I). According to plaintiff's calculations, Endeavor, LLC "has done very well over the last [five] years[,]" with total receipts from 2006 to 2010 of $2,704,818, of which "'Other Deductions' . . . ate up about [eighty percent] of the income[,]" or $1,803,620.00. (Id. at 7-8 & Exhs. E-I). Particularly troubling to plaintiff are the "professional fees" to accountants, lawyers, or consultants, totaling $1,316,749.00, without back-up information, speculating that "[i]t would be easy enough to report $25,000 going to a 'consultant' who turns out to be . . . Haar." (Id. at 8 & Exhs. E-I). Plaintiff continues that "one of the most disturbing aspects of the [t]ax [r]eturns is that they reveal precipitous increases in expenses that curiously occur contemporaneously with [plaintiff's] efforts and its focus on [defendant] Buffa's income from Endeavor, LLC[,]" namely the doubling of "professional" fees of $130,239 in 2006, to $266,478 in 2007, with a slight decrease in 2008 to $239,637, and then rising to $322,789 in 2009 and $357,706 in 2010. (Id. at 8-9 & Exhs. E-I).[9] Plaintiff argues that despite an agreement to provide supporting documents for the "big ticket" items, like professional fees, etc., such documents have not been provided yet. (Id. at 9-10).

Plaintiff further argues that Haar should be ordered to appear to explain the

---

[9]Defendant Buffa argues that plaintiff is incorrect in its calculation of these figures. (See Dkt. #81, at 11-14). The numbers in the summary chart on page 8 of plaintiff's brief are all correct, except that "Other Deductions" for 2006 should be $234,786, not $231,789, and "Total Professional Fees" for 2010 should be $322,706, not $322,606. Therefore, the typographical error and error addition were in plaintiff's favor, not defendant Bufffa's favor.

However, with respect to "salary," plaintiff's figures were erroneous in that for 2006, the amount was only $73,600 (not $72,000), was only $94,462 in 2008 and not the "balloon[ing]" figure of $357,211, and then "dropped again" to $87,365 in 2009 and $45,341 in 2010. (Dkt. #79, at 8-9 & Exhs. E-I).

information in the tax returns, that defendant Buffa has failed to comply with the October 2011 Order, and that on October 18, 2011, defense counsel advised that defendant Buffa cannot, and will not, provide customer information, which plaintiff argues defendant should have raised in any objection to plaintiff's motion. (Id. at 10-12 & Exhs. A-B, J-K). Plaintiff seeks $1,500 as attorney's fees for the three motions it has filed in 2011. (Id. at 12-13).[10]

In his brief in opposition and cross-motion, defendant Buffa argues that plaintiff has mis-characterized his deposition testimony and taken the quotes out of context (Dkt. #81, at 6-10 & Exh. D); that the Court should prohibit plaintiff from extending discovery, and liability for the judgment, to non-debtor Haar and Endeavor, LLC (id. at 10-11); that Endeavor, LLC had no profits, so that there could be no improper allocation (id. at 11-15); that defendant Buffa's outstanding federal tax liens and other judgment obligations have priority over plaintiff's claims and extinguish any possibility of plaintiff locating any unencumbered asset of income stream (id. at 15); that the Court should not condone "plaintiff's aggressive pillow talk collection strategy[]" (id. at 16-17); that defendant Buffa has fully satisfied the prior court orders (id. at 17-19); that the scope and purpose of post-judgment discovery have been grossly exceeded (id. at 19-20); and that plaintiff has failed to satisfy the requirements for contempt (id. at 20-22).[11] Therefore, defendant Buffa asks the Court to deny plaintiff's motion, terminate post-judgment discovery, and enter a protective order preventing plaintiff from pursuing additional discovery without first showing good cause and receiving leave of the Court. (Id. at 22-23).

---

[10]Although the caption of the motion seeks "A Finding of Contempt Against Multiple Parties" (Dkt. #79, at 1), there is no discussion of contempt in the body of the motion itself. (See Dkt. #81, at 20-22). Thus, the Court will not address the issue of contempt.

[11]See note 10 supra.

In its reply brief and brief in opposition to defendant Buffa's cross-motion, plaintiff argues that defendant cannot relitigate arguments that already have been made and rejected by the Court (Dkt. #83, at 2-3), that plaintiff did not mis-characterize defendant Buffa's deposition testimony (id. at 4), that this Court already has held that plaintiff is entitled to post-judgment discovery from third parties, namely Endeavor, LLC and Haar (id. at 5), that Endeavor, LLC generated more than $500,000 per year in revenue and that would have been "easy enough to funnel money to . . . Haar through one of the broad categories of 'expenses' in the [t]ax [r]eturns" (id. at 5-6), that defendant Buffa's other creditors have no bearing on plaintiff's right to conduct post-judgment discovery (id. at 6-7), that defendant Buffa's ad hominem attacks on plaintiff are "improper, incorrect, unsupported and irrelevant" (id. at 7 & Exh. A), that defendant Buffa has not complied with prior Court orders (id. at 8-9), that the scope of post-judgment discovery is proper (id. at 9-10), and that contempt is proper (id. at 10).[12]

In defendant Buffa's reply brief with respect to his motion, he argues that there is no documentary evidence that justifies plaintiff's third-part discovery request, in that the "large quantity of detained financial information [defendant] Buffa disclosed to . . . plaintiff" does not contain "one single document which supports . . . plaintiff's claim that [Endeavor, LLC] engaged in an improper allocation of income" (Dkt. #84, at 1-2), that defendant Buffa's deposition testimony was "[e]quivocal, [c]onflicting" and did not support plaintiff's third party discovery requests" (id. at 2-4), and that several less intrusive alternatives exist to resolve this discovery dispute, including an in camera review of records and plaintiff can proceed by

---

[12] See note 10 supra.

12

interrogatory, rather than by deposition, of Haar and Endeavor, LLC (id. at 4-5).[13]  Plaintiff objects to these less intrusive alternatives. (Dkt. #85, at 1-2).

All the activity in this file subsequent to the May 12, 2011 deposition is the direct result of defendant appearing without counsel and his failure to oppose plaintiff's Motion for Supplemental Post-Judgment Discovery Orders and Supplemental Relief in Order of Aid of Execution, filed September 7, 2011 (Dkt. #74), because "he could not retain counsel[]" for financial reasons.  (Dkt. #82, at 21 & Exh. D, at 18).  Having made the decision not to have the assistance of counsel at the deposition and not to oppose plaintiff's September 7, 2011 motion, defendant cannot now attempt to "un-ring the bell."  Given the substantial amount of time expended by plaintiff's counsel, and the Court, on these matters, he is not entitled to a judicial "do-over."  While defendant Buffa is correct that a review of the entire transcript of May 12, 2011 reflects that defendant is in very deep financial trouble, with debts that grossly exceed his assets, plaintiff's counsel and defendant Buffa had an additional dialogue about Haar receiving $120,000 in salary:

> Q. . . . When you say . . . Haar makes the decision, are you saying that she has the right to make a unilateral decision to pay herself $120,000?
>
> A. She's the only one who controls the accounts and the influx of money.  I have no authority over any of those accounts.
>
> Q. Why?
>
> A. Because I don't think it's prudent for me to have it.
>
> Q. Why?
>
> A. Given the amount of money I've lost and the amount of money that I owe, it would imprudent for me to have it.

---

[13]Although the brief is captioned as "Defendant's Surreply" (Dkt. #84, at 1), as to which plaintiff objects (Dkt. #85), as just indicated, it is actually a reply brief to its own motion.

(Dkt. #82, Exh. D, at 136-37).  Therefore, plaintiff is entitled to some of the supplemental post-judgment discovery sought, as follows:

(1) **On or before January 17, 2012**, defendant Buffa shall provide copies of the Tax Returns sought by plaintiff, as well as all documents listed in ¶¶ (a) through (e) and (h) through (l) on the second page of the October 2011 Order; with respect to ¶¶ (f) & (g), defendant Buffa may, at this time, use abbreviations (initials, etc.) to identify the clients in these two paragraphs, without prejudice to plaintiff seeking identification of these clients, as necessary, at a future time;

(2) If after plaintiff's counsel reviews these documents, he believes that it is still necessary for him to depose Haar, he shall provide defense counsel with a brief summary of the limited subjects about which he intends to question her;

(3) Plaintiff is entitled to $1,500 in reasonable attorney's fees for the several motions and briefs it has filed during the post-judgment discovery process;[14] and

(4) There shall be no further post-judgment discovery in this case, beyond that permitted above, without express leave of the Court upon good cause shown.

Dated this 16th day of December, 2011, at New Haven, Connecticut.

/s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[14]This an extremely modest amount given the level of post-judgment activity in this case.

14