<u>BUCKEYE RETIREMENT CO., LLC, LTD. V. ANTHONY BUFFA</u>, 05 CV 769 (JGM)

1/13/12 – ELECTRONIC ENDORSEMENT <u>GRANTING IN PART</u> PLAINTIFF'S MOTION FOR ARTICULATION AND/OR RECONSIDERATION (Dkt. #87).

     Familiarity is presumed with the multiple post-judgment rulings issued by this Magistrate Judge (<u>see</u> Dkts. ##48, 62, 64, 65, 73; <u>see also</u> Dkts. ##39, 51-52, 58, 75-76), and in particular, the fourteen page Ruling on Plaintiff's Motion For: (A) Supplemental Post-judgment Discovery Orders, (B) Supplemental Relief in Order of Aid of Execution, and (C) Finding of Contempt Against Multiple Parties, and on Defendant's Cross-motion to Modify Discovery Orders, Terminate Post Judgment Discovery and for Protective Order, filed December 16, 2011 (Dkt. #86)["December 2011 Ruling"].

     On December 20, 2011, plaintiff filed the pending Plaintiff's Motion for Articulation and/or Reconsideration (Dkt. #87), as to which defendant has failed to file a timely brief in opposition. The pending motion addresses two issues in the December 2011 Ruling. The first is whether the order to produce Tax Returns (December 2011 Ruling at 14) also includes the supporting documents for these tax returns. In the absence of a timely objection, plaintiff's motion for reconsideration is granted to that extent. In addition to the documents for which compliance is required by January 17, 2012 (December 2011 Ruling at 14), defendant shall provide the supporting documents for the tax returns **on or before January 31, 2012**.

     The second issue is whether the December 2011 Ruling is "without prejudice" with respect to the documents for which compliance was not ordered. The December 2011 Ruling **explicitly** provided that "[t]here shall be <u>no</u> further post-judgment discovery in this case, beyond that permitted above, without express leave of the Court upon good cause shown." Thus, the December 2011 Ruling was "without prejudice" <u>if and only if</u> any additional post-judgment discovery is with express leave of the Court upon good cause shown.[1]

---

[1] In its motion, plaintiff mentions the possibility that it "may have to seek review (e.g., review by the District Court)." (Dkt. #87, at 2). More than <u>six years ago</u>, the parties consented to trial before this Magistrate Judge (Dkt. #20), so that all post-judgment activity (of which there has been an over-abundance) is before, and only before, this Magistrate Judge. <u>See</u> 28 U.S.C. § 636(c)(1)-(3). U.S. District Judge Janet Bond Arterton, to whom this case was assigned from May 2005 through December 2005, no longer has any role in this litigation.