IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
BUCKEYE RETIREMENT CO., LLC, LTD  :   3:05 CV 769 (JGM)
:
v.  :
:
:
ANTHONY BUFFA  :
:   DATE: OCTOBER 15, 2012
---------------------------------------------------------x

<u>RULING ON PLAINTIFF'S MOTION FOR: (A) SUPPLEMENTAL POST-JUDGMENT
DISCOVERY ORDERS, (B) SUPPLEMENTAL RELIEF IN ORDER OF AID OF EXECUTION,
AND (C) FINDING OF CONTEMPT AGAINST MULTIPLE PARTIES</u>

Familiarity is presumed with the multiple post-judgment discovery rulings filed by this Magistrate Judge in the past <u>five</u> long years, specifically, the Ruling on Plaintiff's Motion for Supplemental Post-Judgment Discovery Order, fled June 15, 2007 (Dkt. #48), Ruling on Plaintiff's Motion for Order Re: Post-Judgment Discovery, filed January 27, 2009 (Dkt. #62), Ruling Following <u>In Camera</u> Review, filed March 3, 2009 (Dkt. #64), Ruling Following Second <u>In Camera</u> Review, filed March 23, 2009 (Dkt. #65), Ruling on Plaintiff's Motion for Supplemental Post-Judgment Discovery Orders and Supplemental Relief in Order of Aid of Execution, filed August 5, 2011 (Dkt. #73)["August 2011 Ruling"], Ruling on Plaintiff's Motion For: (A) Supplemental Post-judgment Discovery Orders, (B) Supplemental Relief in Order of Aid of Execution, and (C) Finding of Contempt Against Multiple Parties, and on Defendant's Cross-Motion to Modify Discovery Orders, Terminate Post Judgment Discovery and for Protective Order, filed December 16, 2011 (Dkt. #86)["December 2011 Ruling"], and Electronic Endorsement Granting in Part Plaintiff's Motion for Articulation and/or Reconsideration, filed January 13, 2012 (Dkt. #88)["January 2012 Endorsement"]. (<u>See also</u> Dkt. #76).

For three delightful months, there was no activity in this file until April 18, 2012, when plaintiff filed the pending Plaintiff's Motion For: (A) Supplemental Post-judgment Discovery Orders, (B) Supplemental Relief in Order of Aid of Execution, and (C) Finding of Contempt Against Multiple Parties (Dkt. #89)[1]; defendant filed his brief in opposition on May 9, 2012. (Dkts. ##90-92).[2]  Nine days later, on May 18, 2012, plaintiff filed its reply brief (Dkt. #94), as to which defendant filed his sur-reply brief six days later, on May 24, 2012. (Dkts. ##95-96).  With permission of the Court, on May 25, 2012, plaintiff filed a supplemental reply brief. (Dkts. ##97-98),[3] and Limited Reply on June 20, 2012 (Dkt. #102).

For the reasons stated below, plaintiff's Motion For: (A) Supplemental Post-judgment Discovery Orders, (B) Supplemental Relief in Order of Aid of Execution, and (C) Finding of Contempt Against Multiple Parties (Dkt. #89) is <u>granted in part and denied in part</u>.

## I.  DISCUSSION

The December 2011 Ruling held as follows:

> (1) **On or before January 17, 2012**, defendant Buffa shall provide copies of the Tax Returns sought by plaintiff, as well as <u>all</u> documents listed in ¶¶ (a) through (e) and (h) through (l) on the second page of the October 2011 Order; with respect to ¶¶ (f) & (g), defendant Buffa may, <u>at this time</u>, use abbreviations (initials, etc.) to identify the clients in these two

---

[1] Attached as Exh. A are excerpts from the deposition of defendant Buffa, taken on May 12, 2011 ["Buffa Depo"].

[2] The following eight exhibits are attached: copies of correspondence between counsel, dated October 11 and 19, 2011, and January 13, 24, 26 and 30, February 2, March 23, April 4, and May 9, 2012 (Exhs. A, C-F, H); affidavit of Thomas Buffa, sworn to May 8, 2012 (Exh. B); and additional excerpts from the Buffa Depo. (Exh. G).

[3] Three additional motions are pending: (1) plaintiff's Combined Request to: (A) Strike the Sur-reply filed by the Defendant as Improper; and/or (B) Permission to Present Supplemental Argument as to the Improper Sur-reply, filed May 25, 2012 (Dkt. #97), as to which defendant filed his brief in opposition on June 15, 2012 (Dkt. #98); (2) plaintiff's Motion to Seal Docket Entry Number 97, filed June 20, 2012 (Dkt. #100); and (3) plaintiff's Amended Combined Request to: (A) Strike the Sur-reply filed by the Defendant as Improper; and/or (B) Permission to Present Supplemental Argument as to the Improper Sur-reply, filed June 20, 2012 (Dkt. #101).

>    paragraphs, <u>without prejudice to</u> plaintiff seeking identification of these clients, as necessary, at a future time;
>
>    (2) If after plaintiff's counsel reviews these documents, he believes that it is still necessary for him to depose Haar, he shall provide defense counsel with a <u>brief</u> summary of the <u>limited subjects</u> about which he intends to question her;
>    . . . and
>
>    (4) There shall be <u>no</u> further post-judgment discovery in this case, beyond that permitted above, without express leave of the Court upon good cause shown.

(At 14)(footnote omitted)(emphasis in original). The January 2012 Endorsement confirmed that supporting documents for the tax returns were also required.

In this pending motion, plaintiff contends that it made "extensive (but unsuccessful) good faith efforts to secure compliance without court intervention" because the only "supporting documents" that defendant produced, on January 13, 2012, were "merely printouts from QuickBooks (or some similar program)[,]" despite multiple e-mails and telephone calls to defense counsel from mid-February through late March. (Dkt. #89, at 9-10)(emphasis omitted). According to plaintiff, on April 2, 2012, defense counsel advised plaintiff's counsel that plaintiff was not entitled to "any further production and none will be forthcoming." (<u>Id.</u> at 10). Despite not having been able to review any supporting documentation, plaintiff's counsel advised defense counsel of the eleven areas of inquiry for Haar, regarding allocation and the operation of Endeavor. (<u>Id.</u> at 10-11). Defendant has refused to consent to any area of inquiry for Haar. (<u>Id.</u> at 11). Thus, plaintiff requests production of the "supporting documentation" for the Tax Returns; provision of a "meaningful response" to the Haar areas of inquiry; payment of the $1,000 awarded in the December 2011 Ruling; compelling Haar to appear at a deposition; a finding of contempt of court; and an additional $2,500 in sanctions. (<u>Id.</u> at 11-12).

In contrast, defendant contends that of the seven category of documents for which production was ordered in the December 2011 Ruling and January 2012 Endorsement, by virtue of his compliance on January 13 and 30, 2012, he has complied with all court orders, including for the "tax return 'supporting documents'" for the years 2007 through 2010, which documents include "accounting ledgers [that] provide a detailed list by date, check number, payee and dollar amount of each disbursement made by non-debtor ECM for each such expense category reflected on non-debtor ECM's partnership tax returns[,]" relied upon by tax preparer Attorney Thomas A. Buffa when preparing non-debtor ECM's tax returns.  (Dkt. #91, at 3-6  & Exhs. A-B).   Defendant denies that the accounting ledgers are in any way "unreliable" or "doctored and/or manipulated[,]" emphasizing that defendant signed non-debtor ECM's tax returns under penalties of perjury with the IRS; defendant further argues that it would be "extremely burdensome" and expensive for him to retrieve canceled checks, invoices and the like because his bank has stopped returning canceled checks "long ago." (Id. at 6-8 & Exhs. C-D).   Defendant has asserted, quite correctly, that the December 2011 Ruling did not order the deposition of non-debtor Haar but instead only left open that possibility, and further contends that the letter forwarded by plaintiff's counsel "far" exceeds the "brief summary of the limited subjects about which he intends to question [Haar]" as contemplated in that ruling.  (Id. at 8-10 & Exhs. D-F).  Once again, defense counsel raises that defendant Buffa "must have been confused" at his initial EJD.  (Id. at 10-11 & Exh. G). Defense counsel also has represented that despite the "dire financial status[]" of defendant and non-debtor ECM, defendant has paid $1,000 to plaintiff's counsel and requests that no further award of sanctions be made.  (Id. at 11-12 & Exh. H).  Lastly, defendant seeks a

court order that there be no further discovery requests from non-debtor Haar. (Id. At 13).[4]

In its reply brief, plaintiff agrees that defendant "has partially complied[]" with the discovery requests, that defendant is attempting to "re-litigate issues that this Court has already decided[,]" that defendant has not produced the "supporting documents" for the Tax Returns, and that plaintiff is entitled to depose Haar and defendant will not even agree to "any area of inquiry, even areas directed to the heart of the Allocation."  (Dkt. #94, at 1-6). Lastly, plaintiff seeks $3,000 in sanctions, in that that course "is the only way [defendant] will learn to abide by the rules[,]" particularly when defendant "flatly rejected" plaintiff's offer to subpoena the supporting documents from the appropriate banks.  (Id. at 7).[5]

As discussed at length in the August 2011 Ruling, defendant's testimony at the May 12, 2011 deposition, at which he appeared without counsel, was clear and unequivocal, did

---

[4]As defendant has complained:

The [p]laintiff's pattern of over-reaching behavior is obvious.  Defendant Buffa is broke.  He has multiple creditors, including the IRS, all with priority over the [p]laintiff's claim.  Because of the apparent impossibility of collecting from the [d]efendant, the [p]laintiff has elected to pursue others, specifically non-debtor Haar and non-debtor ECM, ignoring the fact that they are non-debtors and have no obligation on the underlying judgment debt.

(Id., at 12).

[5]Plaintiff similarly has pleaded:

As Buffa recommended, let's be practical.  Buffa has resisted every effort to get to the documents that go to the heart of the Allocation.  He has found and tried to exploit every loophole to avoid compliance with orders concerning the Allocation.  There is a reason – the Allocation is real.  Buffa testified honestly and truthfully at his EJD as to the existence of the Allocation and, more importantly, as to the purpose of the Allocation – to avoid his creditors. . . . It must stop.

(Id. at 8).

Defendant's sur-reply brief and plaintiff's Limited Reply (Dkts. ##95, 102) add precious little new discussion.

not reflect any confusion or misunderstanding on his part to multiple questions posed to him, particularly given his line of work and experience, and still remains at variance with the IRS filings.  (At 5-10; see also December 2011 Ruling at 4-7).   The additional deposition excerpts submitted by defendant do not alter that conclusion, for example:

> Q. [I]n a previous deposition in February of 2007, you had said that Nancy Haar earned about $120,000 a year, about $10,000 a month.  Do you recall that?
>
> A. Yes.
>
> Q.  That was accurate when you gave that testimony?
>
> A. Yes.
>
> Q.  And she received that from Endeavor Capital?
>
> A. Yes.
>
> Q.  If your share of the business is 97.5 percent, and hers is only 1 percent, why did you get $19,000 and she got over [$]100[,000]?
>
> A.  Because she's more valuable to the business.  And that's, the business has the right to determine how to distribute its income.
>
> Q.  But you work every day?
>
> A.  Correct.
>
> Q.  She works less than you?
>
> A.  She works 6 to 8 hours a day.
>
> Q.  Right.  But you work 10 to 12; right?
>
> . . .
>
> A.  Yes.  Yes.
>
> Q. So, you put in more hours?
>
> A.  I do.

(Dkt. #92, Exh. G, at 131-32). In this deposition, defendant concedes that his relinquishment of control of "all the financial books and checking accounts and records of the firm[]" derives from his desire "to remain married. . . . To remain married, I've made compromises to do what I need to do to keep a stable home life and . . . not get evicted from my house or evicted from my marriage." (Id. at 134). Defendant revealed later that he was

> frankly a little bit uncomfortable with [defense counsel's] focus on . . . Haar because she is not a party to this action, nor will . . . she become a party to this action. Because if she were to become a party to this action, it would destroy my marriage. So, right now, frankly, I'm uncomfortable going any further into what she does because I can't speak for her.

(Id. at 137).

Thus, despite defendant's protests, plaintiff justifiably remains queasy over defendant's finances, and is entitled to supplemental post-judgment discovery, albeit it not to full extent sought. Plaintiff is entitled to copies of the multiple checks listed in Exhibit A to its letter of January 26, 2012 (see Dkt. #92, Exh. C). To the extent that defendant can no longer obtain copies from his own banks, or the banks of non-debtor ECM, then plaintiff may subpoena copies of such checks from the banks; to the extent that there are any copying costs incurred, defendant shall be responsible for the first $3,000 in costs, and plaintiff shall bear such expenses thereafter. Unless the delay is occasioned by defendant's or non-debtor ECM's banks, all production is to be completed **on or before November 16, 2012**.

Similarly, bearing in mind defendant's obvious concerns over the impact that Haar's involvement in this litigation would have on his marriage and family, in lieu of a traditional deposition, plaintiff may depose Haar by written questions, pursuant to FED. R. CIV. P. 31.

In a somewhat similar circumstance, in <u>Estate of Yaron Ungar v. Palestinian Auth.</u>, 451 F. Supp. 2d 607 (S.D.N.Y. 2006), a district judge ordered, in a post-judgment context like this one, that non-party witnesses were to submit to deposition upon written questions rather than upon oral examination.  <u>Id.</u> at 612.  However, instead of having the recording officer direct the questions to the witnesses, as contemplated by Rule 31, the district judge relied upon a "simpler means of deposing a witness by written questions[]" permitted under New York state law, namely that the "witness provides written responses to the questions within seven days and returns his or her responses[,]" finding that this form of discovery by a judgment creator seeking to obtain information necessary to enforce a judgment was permitted under F<small>ED</small>. R. C<small>IV</small>. P. 69.  <u>Id.</u> (citation omitted).  While the Connecticut rules of practice are not quite as clear as those in New York State, it appears that "this simper means of deposing a witness by written questions[]" also would be permitted under Connecticut law. <u>See</u> C<small>ONN</small>. P<small>RACTICE</small> B<small>OOK</small>  §§ 13-5, 13-20, 13-30, 13-32.

Therefore, **on or before November 2, 2012**, plaintiff's counsel shall prepare written questions to be posed to Haar, with a copy served upon defense counsel, limited to the following six topics: (1) Haar's income, salary, and/or compensation from ECM for the last five years, including amounts reported on tax returns or otherwise; (2) the work that Haar provides, and has provided, to ECM (<u>e.g.</u>, the number of hours/week, administrative work, substantive work on business deals, and the last five deals on which Haar has worked); (3) Haar's ownership interest, if any, in ECM; (4) how the income of ECM is allocated between Haar and defendant, and the rationale for such allocation; (5) the overall management of ECM (<u>e.g.,</u> who handles payroll, finances, banking, disbursements, accounts payable, accounts receivable); and (6) how business decisions are made at ECM.  (<u>Cf.</u> Dkt.

#92, Exh. F).  **On or before November 16, 2012**, defense counsel may, if he so wishes, serve additional questions upon plaintiff's counsel (limited to the six topics listed above); **on or before November 27, 2012**, if defense counsel does serve such additional questions, then plaintiff's counsel may, if he so wishes, serve supplemental questions upon defense counsel (limited to the six topics listed above).  See Rule 31(a)(5).  Thereafter, Haar is to respond, in writing and under oath, **within thirty days** of the last set of questions having been exchanged.

## II.  CONCLUSION

Accordingly, for the reasons stated above, plaintiff's Motion For: (A) Supplemental Post-judgment Discovery Orders, (B) Supplemental Relief in Order of Aid of Execution, and (C) Finding of Contempt Against Multiple Parties, filed April 18, 2012 (Dkt. #89) is granted to the extent plaintiff is permitted the additional post-judgment discovery in the manner set forth above, but is denied sanctions, including any threat of contempt.

Plaintiff's Combined Requests to: (A) Strike the Sur-Reply Filed by the Defendant as Improper; and/or (B) Permission to Present Supplemental Argument as to the Improper Sur-Reply, filed May 25, 2012 and June 20, 2012 (Dkts. ##97, 101) are denied; and

Plaintiff's Motion to Seal Docket Entry Number 97, filed June 20, 2012 (Dkt. #100) is granted.

As before, there shall be no further post-judgment discovery in this case, beyond that permitted above, without express leave of the Court upon good cause shown.  (See December 2011 Ruling at 14).

Dated this 15th day of October, 2012, at New Haven, Connecticut.

       /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge